# UNITED STATES DISTRICT COURT

Northern District of Florida

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | |
| WALT B. SANDERS | Case Number: 5:23-cr-0015-001/TKW |
| | USM Number: 51969-510 |
| | Lauren Cobb, AFPD |
| | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s)    1, 2, 3 and 4 of the indictment.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| F.S.S. § 316.1935(3)(a), 18 U.S.C. §§ 7 and 13 | Fleeing to Elude A Law Enforcement Officer (Siren and Lights Activated With High Speed or Reckless Driving) | 3/22/2023 | 1 |
| 18 U.S.C. § 1361 | Damage to Government Property | 3/22/2023 | 2 |
| F.S.S. §§ 316.193(1)(a), (1)(c), (3)(c)1., (4)(a)2., and (4)(b)2., 18 U.S.C. §§ 7 and 13 | Driving Under the Influence with a Breath-Alcohol Level of .15 or More Grams of Alcohol, Second Offense, with Property Damage | 3/22/2023 | 3 |
| 18 U.S.C. § 1382 | Trespass onto Military Installation | 3/22/2023 | 4 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/30/2023
Date of Imposition of Judgment

Signature of Judge

T. Kent Wetherell II., United States District Judge
Name and Title of Judge

12/5/23
Date

NDFL 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 7

DEFENDANT: WALT B. SANDERS
CASE NUMBER: 5:23-cr-0015-001/TKW

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 36 months imprisonment as to count 1 and count 2, 12 months as to count 3 and 6 months as to count 4, each count with concurrent terms. This sentence is to run concurrent with any yet to be imposed sentence in Counts 1 and 3 of Bay County, Florida case number 2023CF1089.

☒ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant be designated to serve this sentence at FCI Marianna, or as close as reasonably possible to Dothan, Alabama.

The Court recommends the defendant's placement into the BOP's Residential Drug Abuse Program. Additionally, while awaiting placement into RDAP, the Court orders the defendant to complete Drug Education classes and fully participate in the BOP's nonresidential drug abuse treatment program. Further, the court recommends that the defendant participate in any cognitive behavioral therapy programming available.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

NDFL 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: WALT B. SANDERS
CASE NUMBER: 5:23-cr-0015-001/TKW

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: 3 years as to counts 1 and 2, and 1 year as to count 3, with concurrent terms.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

NDFL 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 7

DEFENDANT: WALT B. SANDERS
CASE NUMBER: 5:23-cr-0015-001/TKW

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

Judgment—Page 5 of 7

DEFENDANT: WALT B. SANDERS
CASE NUMBER: 5:23-cr-0015-001/TKW

## SPECIAL CONDITIONS OF SUPERVISION

You must successfully participate in substance abuse treatment consisting of an initial evaluation by a probation officer or outside provider and any further appropriate treatment. The treatment may include cognitive behavioral therapy.

You must submit your person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

You must provide the probation officer with access to all requested financial information and report the source and amount of personal and/or business income and financial assets to the supervising probation officer as directed unless you have satisfied your restitution obligation.

You will not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you have satisfied your restitution obligation.

You will not transfer or dispose of any asset, or your interest in any asset without the prior approval of the probation officer unless you have satisfied your restitution obligation.

You will make restitution in the amount of $1,960.65 to the 325th Security Forces in monthly installments of $150 to commence within one month after your release from custody.

Restitution payments shall be made in care of the U.S. District Clerk's Office, Attn.: Financial Section, 111 North Adams Street, Tallahassee, Florida, 32301, and shall be disbursed by the Clerk's Office.

You must undergo a mental health evaluation and participate in treatment as determined necessary through an evaluation process. Treatment may include, but is not limited to, participation in a cognitive behavioral treatment (CBT) program.

You must abide by the conditions set forth in the Protection From Abuse (PFA) and are prohibited from having any direct or indirect contact with Jenna Rogers Sanders.

You must attend and complete DUI school as directed by the probation officer at your own expense.

Your driver's license shall be suspended for a period of six months on all federal enclaves.

You must abstain completely from the consumption of alcoholic beverages during the supervision term.

You are required to place, for a period of two (2) years, at your own expense, an ignition interlock device approved by the Florida Department of Highway Safety and Motor Vehicles, in accordance with F.S. § 316.1938. This device shall be installed upon reinstatement of your permanent or restricted driver's license. You are required to abide by the terms and conditions of the Florida Interlock Program.

The Court orders the impoundment or immobilization of all vehicles owned by or routinely operated by the defendant for a period of 10 days.

You must complete two (2) Victim Impact Panel classes

Judgment — Page 6 of 7

DEFENDANT: WALT B. SANDERS
CASE NUMBER: 5:23-cr-0015-001/TKW

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 7.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 235.00 | $ 1960.65 | Remitted | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Restitution Ordered | Priority or Percentage |
|---|---|---|
| 325th Security Forces Section | $1,960.65 | |
| **TOTALS** | **$ 1,960.65** | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for ☐ fine ☐ restitution.

☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

NDFL 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __7__ of __7__

DEFENDANT: WALT B. SANDERS
CASE NUMBER: 5:23-cr-0015-001/TKW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ __2,195.65__ due immediately, balance due

  ☐ not later than _____ , or
  ☒ in accordance with ☐ C  ☐ D,  ☐ E, or  ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐C,  ☐D, or  ☐F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of __supervision__ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

  $ 2,195.65 is due and payable in full immediately. Any unpaid portion shall be paid in monthly installments of not less than $100.00 per month to begin within 60 days of release from imprisonment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.